Freeman **STEENBERGEN**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–15841.

Court of Criminal Appeals of Oklahoma.

Feb. 6, 1973.

Virgil L. Upchurch, Anadarko, for appellant.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for appellee.

BUSSEY, Judge.

Appellant, Freeman Steenbergen, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Caddo County, Case No. CRT–69–700, for the offense of Driving While Under the Influence of Intoxicating Liquor; his punishment was fixed at ten (10) days in the county jail and a fine of Fifty Dollars ($50.00). From said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Trooper Doyle Mills testified that on the evening of May 19, 1969, he observed a 1969 Chevrolet pickup driven by the defendant, turn out of the Anadarko City Park onto a county road. The vehicle ran off into a small barditch as it made the turn, and "he weaved out across the center of the road." He observed the vehicle drive approximately a city block during which time it continued to weave across the center of the road. He stopped the vehicle and asked the defendant to step out of the pickup. The defendant walked very unsteadily, his face was red and flushed, his eyes were bloodshot, and he had an odor of alcohol about his breath. An open bottle of Vodka was found on the front seat of the pickup. He testified that in his opinion the defendant was under the influence of intoxicating liquor. Defendant consented to a blood test, and was taken to the Anadarko Hospital where the test was ad-ministered. He mailed the blood sample kit to the Oklahoma State Bureau of Investigation.

On cross-examination, he testified that he proceeded to the area because he had received a call from Deputy Taylor for help. He testified that he stopped the vehicle because of the information received from Deputy Taylor and "for the manner in which he was driving—weaving on the road." (TR 30).

Barbara Schroeder testified that she was a registered nurse and that she took a blood sample from the defendant on the evening in question. The sample was turned over to Trooper Mills.

John McAuliff, Chemist for the State Bureau of Investigation, testified that he analyzed the defendant's blood sample and that the sample was found to contain .32 percent of ethyl alcohol.

For the defense, Deputy Taylor testified that he observed the defendant on the evening in question as a passenger in the pickup truck. The driver of the pickup, one Nelson Redbird, fled on foot and the officer took pursuit. He called for assistance from other officers "in order to get Mr. Redbird back into custody again."

The defendant's testimony was not made a part of the appeal record.

The first proposition asserts that the trial court erred in overruling defendant's Motion to Suppress the evidence. Defendant argues that the sole reason that the trooper stopped the defendant was the radio call he received from Deputy Taylor; citing as authority, Shirey v. State, Okl.Cr., 321 P.2d 981. We are of the opinion that the instant case is distinguishable from Shirey v. State, *supra*. In *Shirey*, the arresting officer did not observe "the violation of any of the statutes of this state, if everything the arresting officers testified to was true." In the instant case the trooper received a call from Deputy Taylor that "he needed some help with some people," and received a description of the de-

fendant's pickup. In approaching from the opposite direction, the trooper saw the pickup pull out from a stop sign and run off into a small barditch as he made a left turn. The trooper described his observations of the vehicle as follows: "I would just estimate about three or four feet across the center of the road—there is no centerline, but he was traveling part of the time in the center of the road and weaving back and forth to the south side of the road." (TR 15). We are of the opinion that not only was the trooper justified in stopping the defendant for a misdemeanor committed in his presence, but that he would be guilty of gross neglect of duty had he failed to stop the vehicle. The fact that the trooper received prior information concerning the vehicle is not determinative in view of what the trooper observed with his own eyes.

■ The final proposition contends that the trial court erred in admitting improper and prejudicial evidence over defendant's objections. Defendant argues that the State failed to prove that the witness McAuliff possessed a valid permit to perform chemical analysis of blood as required by 47 O.S. § 759. We are of the opinion that the State's failure to prove that the witness McAuliff possessed a valid permit was harmless error in view of defendant's failure to specifically object to the witness' lack of credentials. Defendant made only general objection to McAuliff's testimony, asserting, "there is no proper foundation—again, we would move to suppress the evidence also of this witness on the grounds as previously stated."

■ We further observe that it is readily apparent that the witness was well qualified to conduct chemical analyses of blood. McAuliff testified that he received a B.S. Degree in Chemistry from Oklahoma City University in 1951, majoring in Chemistry; that he was employed as a Chemist for the Oklahoma State Bureau of Investigation and had been for two years; that in his capacity as Chemist for the State Bureau of Investigation he made approximately 280 chemical analyses of blood tests the prior year.

■ In conclusion, we observe that the record is free of any error which would justify modification or require reversal, and that the evidence of defendant's guilt is overwhelming. The judgment and sentence is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.